UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK JAVERY & BRIAN DEJAN | CIVIL ACTION |
| VERSUS | NO: 17-5106 |
| LOCKHEED MARTIN CORP. | SECTION: "A" (1) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss and/or for More Definite Statement (Rec. Doc. 8)** filed by defendant, Lockheed Martin Corporation. Plaintiffs Mark Javery and Brian Dejan oppose the motion. The motion, submitted on August 23, 2017, is before the Court on the briefs without oral argument.

Plaintiffs Mark Javery and Brian Dejan have filed suit against Lockheed Martin Corporation asserting claims for violations of the False Claims Act, 31 U.S.C. § 3730(h). Javery alleges that prior to the termination of his employment on May 20, 2014, he was employed by Lockheed as an Infrastructure Operations Manager. (Comp. ¶ 6). Dejan alleges that prior to the termination of his employment on May 21, 2014, he was a Project Engineer employed by Camgian Microsystems, Inc. and subcontracted out to Lockheed. (*Id.* ¶ 7). Both plaintiffs worked at the Stennis Space Center on the Test Operation Contract. Dejan alleges that although Camgian was his direct employer, Lockheed Martin was his "joint employer." (*Id.* ¶ 8).

Both plaintiffs allege that they were terminated for engaging in "protected activity" in violation of federal law. Specifically, Plaintiffs allege that they reported

unauthorized charges to the Test Operations Contract to management shortly before being terminated. (Comp. ¶ 11).

Lockheed moves to dismiss the case arguing that Plaintiffs fail to allege facts sufficient to state a claim for relief. Alternatively, Lockheed moves for a more definite statement.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d

690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

The Court is persuaded that although sparse in factual content, the complaint is sufficiently detailed to state a claim and to allow Lockheed to target its discovery to flesh out the claim. This is particularly true given that both of the plaintiffs have been litigating their terminations from Lockheed, and the events surrounding those adverse employment decisions, since 2014.[1] The Court is persuaded that Lockheed has more than sufficient notice and understanding of the nature of the claims asserted to move forward with its defense of the case.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss and/or for More Definite Statement (Rec. Doc. 8)** filed by defendant, Lockheed Martin Corporation is **DENIED**.

August 30, 2017

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] Javery's case remains pending as to his defamation claim. (CA14-2644). The Court entered judgment in favor of Lockheed as to Dejan's claims in March 2016. (CA14-2731).