UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK JAVERY & BRIAN DEJAN          CIVIL ACTION

VERSUS                              NO: 17-5106

LOCKHEED MARTIN CORP.               SECTION: "A" (1)

## ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment on Res Judicata Grounds (Rec. Doc. 38)** filed by defendant, Lockheed Martin Corporation. Plaintiffs, Mark Javery and Brian Dejan, oppose the motion. The motion, submitted on August 8, 2018, is before the Court on the briefs without oral argument.

Plaintiffs Mark Javery and Brian Dejan have filed suit against Lockheed Martin Corporation asserting claims for retaliation under the False Claims Act, 31 U.S.C. § 3730(h) ("FCA"). Javery alleges that prior to the termination of his employment on May 20, 2014, he was employed by Lockheed as an Infrastructure Operations Manager. (Comp. ¶ 6). Dejan alleges that prior to the termination of his employment on May 21, 2014, he was a Project Engineer employed by Camgian Microsystems, Inc. and subcontracted out to Lockheed. (*Id.* ¶ 7). Both plaintiffs worked at the Stennis Space Center on the Test Operation Contract. Dejan alleges that although Camgian was his direct employer, Lockheed Martin was his "joint employer." (*Id.* ¶ 8).

Both plaintiffs allege that they were terminated for engaging in "protected activity" in violation of federal law. Specifically, Plaintiffs allege that they reported

unauthorized charges to the Test Operations Contract to management shortly before being terminated. (Comp. ¶ 11). The sole claim alleged in the complaint is based on 31 U.S.C. § 3730(h) of the False Claims Act.

Lockheed's motion for summary judgment is grounded on the contention that the final judgments issued in 14-2644 (Javery) and 14-2731 (Dejan) bar the instant complaint due to res judicata. In those prior civil actions both Javery and Dejan litigated to final judgment the validity of Lockheed's decision to terminate their employment. Both plaintiffs alleged numerous claims including a "whistleblower" claim that was not identified via a citation to statute. Dejan voluntarily dismissed that whistleblower claim without prejudice as he exhausted his administrative remedies—in doing so he expressly identified 10 U.S.C. 2409 as the statute upon which his whistleblower claim was based. (14-2731 Rec. Doc. 41). Javery's federal whistleblower claim was also dismissed. (14-2644, Rec. Doc. 62). Although it appeared at the time that Javery's whistleblower's claim was brought under a different statutory scheme., Javery has clarified, however, that this prior whistleblower claim was actually brought under 10 U.S.C. § 2409. (Rec. Doc. 42-7, Javery declaration).

During the pendency of 14-2644 and 14-2731 Javery and Dejan were both pursuing administrative complaints with NASA's Office of Inspector General pursuant to 10 U.S.C. § 2409. That statutory scheme, which also deals with reprisals for disclosure of certain violations pertaining to NASA contracts, has an exhaustion requirement, which therefore made any attempt to bring suit under § 2409 premature until the conclusion of the administrative process. On February 8, 2018, NASA issued its final ruling denying relief. (Rec. Doc. 42-8). Plaintiffs appealed that ruling pursuant to 10

U.S.C. § 2409(c)(5), and on June 21, 2017, the Fifth Circuit Court of Appeal affirmed. *Javery v. Bolden*, 697 Fed. Appx. 810 (5th Cir. 2017) (unpublished).

The instant complaint asserting claims for retaliation under the FCA, 31 U.S.C. § 3730(h) was filed on May 19, 2017, which was before the final judgment was entered against Javery and in favor of Lockheed in 14-2644 (January 30, 2018), and after the final judgment was entered against Dejan and in favor of Lockheed in 14-2731 (March 23, 2016). It is undisputed that neither Javery nor Dejan had previously filed suit for relief under the FCA, 31 U.S.C. § 3730(h). Lockheed's contention is that res judicata nonetheless bars the § 3730(h) claim of each plaintiff because it arises out of the same facts that gave rise to the prior final judgments, and each plaintiff could have but failed to include the claim in his prior lawsuit.

The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules. *Ellis v. Amex Life Ins. Co.*, 211 F.3d935, 937 (5th Cir. 2000) (citing A*grilectric Power Parts., Ltd. v. Gen. Elec. Co.*, 20 F. 3d 663, 664 (5th Cir. 1994); *Steve D. Thompson Truck., Inc. v. Dorsey Trail., Inc.*, 870 F.2d 1044, 1045 (5th Cir. 1989)). The federal doctrine of res judicata bars all claims that were or could have been brought in the prior suit based on the operative factual nucleus. *Id.* at 938 n.1 (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983); *Agrilectric*, 20 F.3d at 665). In other words, claim preclusion as part of res judicata is broader than those causes of action that were actually adjudicated as part of a prior action.

Four elements must be met for a claim to be barred by res judicata: 1) the parties in both the prior suit and current suit must be identical; 2) a court of competent jurisdiction must have rendered the prior judgment; 3) the prior judgment must have

been final and on the merits; and 4) the plaintiff must raise the same cause of action in both suits. *Davis v. Dallas Area Rapid Trans.*, 383 F.3d 309, 313 (5th Cir. 2004) (citing *Howe v. Vaughan*, 913 F.2d 1138, 1143-44 (5th Cir. 1990)).

To determine whether the prior and current suits involve the same cause of action, the court applies a "transactional" test. *Id.* (citing *Nilsen*, 701 F.2d at 560). Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose. *Id.* (quoting *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004) (alteration in original)). The critical issue under the transactional test is whether the two actions are based on the "same nucleus of operative facts." *Id.* (quoting *Petro-Hunt*, 365 F.3d at 396).

All four elements of res judicata are satisfied as to both Javery and Dejan vis à vis Lockheed. No serious contention can be made that any of the elements are lacking, including the fourth element which turns on the transactional test. The facts that support the FCA claims all arose prior to the filing of the complaints in 14-2644 and 14-2761, and those very same facts supported the employment discrimination claims that were asserted in those actions. The nucleus of operative facts supporting this instant complaint and the prior complaints is identical.

But Plaintiffs argue that res judicata should not apply because they could not have brought their FCA causes of action in their original suits because they had an administrative complaint pending with the NASA OIG. Plaintiffs contend that if they had joined claims under the FCA when they originally filed suit then those claims would have been subject to a stay while the administrative complaint remained pending.

Therefore, since the FCA cause of action would have been subject to a stay anyway, res judicata should not apply.

This contention is unpersuasive. To establish a claim under § 3730(h), a party must show (1) that he was engaged in protected activity with respect to the False Claims Act; (2) that his employer knew he was engaged in protected activity; and (3) that he was discharged because he was engaged in protected activity. *Thomas v. ITT Educ. Servs., Inc.*, 517 Fed. Appx. 259, 262 (5th Cir. 2013) (unpublished) (citing *Robertson v. Bell Helicopter Textron, Inc.*, 32 F. 3d 948, 951 (5th Cir.1994)). Plaintiffs cite no authority for the proposition that a pending administrative claim with NASA pursuant to a different statutory scheme (10 U.S.C. § 2049) would have necessitated a stay of their FCA causes of action. But assuming arguendo that Plaintiff's FCA causes of action would have been subject to a stay, any such stay would have been discretionary because § 3730(h) does not contain an administrative exhaustion requirement. Due to the potential for the res judicata bar, which exists precisely to avoid successive litigation of claims arising out of the same series of transactions, *Murry v. Gen Servs. Admin.*, 553 Fed. Appx. 362, 366 (5th Cir. 2014) (unpublished) (citing *Nilsen*, 701 F.2d at 563), Plaintiffs could not split their causes of action against Lockheed into separate lawsuits. *See Davis*, 383 F.3d at 316. Having done so, the final judgments entered in 14-2644 and 14-2731 present a res judicata bar to the instant FCA complaint because Plaintiffs' FCA claims could have been brought in their prior lawsuits.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment on Res Judicata Grounds (Rec. Doc. 38)** filed by defendant, Lockheed Martin Corporation

is **GRANTED**. Plaintiffs' complaint is **DISMISSED** with prejudice.

August 23, 2018

*[signature]*

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE